UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYNALDO RENEE REYNA, SR.,

    Plaintiff,

vs.

Case No. 17-CV-12762

HON. GEORGE CARAM STEEH
MAG. JUDGE MONA MAJZOUB

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DOC. 20]

Plaintiff Raynaldo Renee Reyna, Sr. challenges defendant Commissioner of Social Security's denial of his application for a period of disability and Disability Insurance Benefits ("DIB"). Before the court are cross motions for summary judgment, which were referred to the magistrate judge for a report and recommendation. On August 22, 2018, Magistrate Judge Mona Majzoub issued a report recommending that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff filed timely objections to that report which this court has duly considered. For

- 1 -

the reasons set forth below, this court shall accept and adopt the magistrate judge's report.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

Plaintiff raises one objection to the report and recommendation relating to the ALJ's mistake in his written decision as to plaintiff's level of

education.  The ALJ found that plaintiff had "at least a high school education . . . ", although plaintiff actually left school after the seventh grade.  (Tr. 22, 37)  The magistrate judge noted that plaintiff testified in front of the Vocational Expert ("VE") as to his correct educational level.  Therefore, the magistrate judge concluded that "[t]he VE's testimony was based upon Plaintiff's accurate education level and constitutes valid, substantial evidence upon which the ALJ relied in determining that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed through the date last insured."

Plaintiff points out in his objection that the VE was never asked a question which would have verified that he actually considered plaintiff's true education status.  The VE was not asked a hypothetical question that included plaintiff's education level, nor was the VE asked to determine if plaintiff could perform any particular job.  Rather, the VE was only asked whether jobs previously found appropriate still existed at the same levels.  (Tr. 49)

The exact same argument plaintiff makes in his objection was presented to the magistrate judge in his initial brief.  This court is not obliged to address objections that merely restate the arguments previously

presented. *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466 (E.D. Mich. Mar. 22, 2016). As pointed out by the magistrate judge, the relevant issue is whether the VE's testimony was based on plaintiff's correct education level. A review of the hearing transcript reveals that it was when the ALJ questioned plaintiff about his educational level:

Q     How much education do you have?

A     Last grade was seventh.

Q     Did you ever try to get a GED after that?

A     No

(Tr. 37)

Finally, it is apparent that the VE did not rely on the ALJ's erroneous finding in the April 16, 2016 decision because that decision was issued *after* the VE testified at the March 30, 2016 hearing.

## CONCLUSION

IT IS HEREBY ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 20).

IT IS HEREBY FURTHER ORDERED that the Commissioner's motion for summary judgment is GRANTED, plaintiff's motion for summary judgment is DENIED, plaintiff's objection (Doc. 21) is OVERRULED, and

- 4 -

plaintiff's claim is DISMISSED with prejudice.

Dated: September 18, 2018

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 18, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk